# Inner City Press

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

JACOB RAPPAPORT,

Defendant.

Case No. 1:26-cr-00096-MJM

Hon. Matthew J. Maddox

**LETTER OF INNER CITY PRESS IN OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE
SENTENCING LETTERS UNDER SEAL**

Inner City Press and I respectfully submit this letter in opposition to Defendant Jacob Rappaport's Motion for Leave to File Sealed Materials, which seeks to file a Sentencing Letters entirely under seal. The motion should be denied in its current form. The First Amendment and the common law right of public access to judicial records protect the public's ability to observe and understand the sentencing phase of a criminal proceeding — one of the most significant exercises of judicial power in any criminal case. Wholesale sealing of a sentencing memorandum is not warranted where targeted redaction of specific sensitive information will adequately protect the interests identified by the defense.

Inner City Press: E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

## I. INNER CITY PRESS AND ITS INTEREST

Inner City Press is a New York-based investigative news organization that has covered federal courts for three decades. Its and my First Amendment newsgathering activities were recognized by the United States Court of Appeals for the Second Circuit in Lee v. Greenwood, 145 F.4th 248, 254 (2d Cir. 2025), where the court upheld the right of the press to be heard on sealing motions and confirmed the First Amendment right of access to court documents, including exhibits in criminal proceedings. Inner City Press has an active unsealing project and regularly files in federal courts — including the District of Massachusetts, the Southern District of New York, and the Eastern District of New York — requesting unsealing or narrowing of overbroad sealing orders.

## II. THE LEGAL STANDARD IN THE FOURTH CIRCUIT

The Fourth Circuit has established a strong presumption of access to judicial records in criminal proceedings. In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986) ("we hold that the First Amendment right of access applies to documents filed in connection with preliminary hearings, bail hearings, and other criminal pretrial matters"). The Fourth Circuit has extended this principle broadly to documents filed in connection with criminal proceedings at all stages, including sentencing.

The common law right of access to judicial records is equally robust. Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180 (4th Cir. 1988). To overcome the presumption of access, the district court must make "specific factual findings demonstrating that a compelling interest exists" and must "consider whether less restrictive alternatives to sealing are available." Virginia Department of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). A motion to seal that does not address less restrictive alternatives — as the present motion does not — is insufficient to overcome the presumption.

Local Rule 105.11 of the District of Maryland requires that any motion to seal be accompanied by a memorandum setting forth: (a) the reasons why sealing is necessary; (b) why less restrictive alternatives such as redaction would be inadequate; and (c) the duration of the requested sealing. The present motion does not address the second or third requirements.

## III. THE MOTION IS OVERBROAD

The defense identifies four categories of information it seeks to protect: (1) sensitive personal information; (2) medical information; (3) information about

minor children; and (4) financial information. Each of these is a legitimate concern. None of them justifies wholesale sealing of the entire Sentencing Memorandum.

Courts in this and other circuits routinely address these same interests through targeted redaction rather than wholesale sealing. Medical diagnoses and treatment details can be redacted. Names and identifying information of minor children can be replaced with initials. Specific account numbers or financial figures can be redacted while leaving the general discussion of financial circumstances public. The existence and general nature of these factors — that Mr. Rappaport has medical conditions relevant to his sentencing, that he has minor children, that financial circumstances are relevant — are not themselves sealed. It is only the specific identifying details that require protection.

The defense also cites the Presentence Investigation Report (PSR, ECF 18) as a basis for sealing, noting that the Sentencing Memorandum contains information from the sealed PSR. But courts distinguish between the PSR itself — which is by statute confidential, see 18 U.S.C. § 3552(d) — and a party's characterization of PSR information in a filed document. Portions of a Sentencing Memorandum that directly quote or reproduce verbatim content from the PSR may warrant redaction. But a party's own discussion of facts that also happen to appear in the PSR — the defendant's background, his history, his circumstances — does not itself become PSR-protected material simply because those facts were collected in the PSR. See United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989).


## IV. THE PUBLIC INTEREST IN SENTENCING PROCEEDINGS

Sentencing is not a ministerial act. It is the moment when a federal court exercises the most significant discretion in a criminal case — imposing consequences that will profoundly affect a person's liberty. The public's interest in observing and understanding how judges exercise that discretion is at the core of the First Amendment right of access to judicial proceedings. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986). A sentencing memorandum filed by the defense presents the case for why the Court should impose a particular sentence, and the Court's sentencing decision will be shaped by that submission. The public cannot meaningfully assess the Court's sentencing decision if the factual and legal arguments that preceded it are entirely hidden.

The Fourth Circuit has emphasized that the presumption of access is particularly strong where, as here, the information sought to be sealed relates to "the exercise of Article III judicial power." Stone, 855 F.2d at 181. The sentencing phase of a federal criminal case is the paradigmatic exercise of that power.

## V. RELIEF REQUESTED

Inner City Press respectfully requests that the Court:

1. Deny the motion to file the Sentencing Memorandum under seal in its entirety;

2. In the alternative, require the defense to file within 14 days a public version of the Sentencing Memorandum with targeted redactions limited to: (a) specific medical diagnoses or treatment details that the Court, on particularized review, finds warrant protection; (b) names and identifying information of minor children, to be replaced by initials or "minor child"; and (c) specific financial account numbers, credit scores, or other identifying financial details — while leaving publicly accessible the general substance of the arguments, the legal framework, the general categories of circumstances presented, and any characterization of PSR information that does not directly reproduce verbatim PSR text;

3. Make specific findings under Local Rule 105.11 and the Fourth Circuit standard of Virginia Department of State Police v. Washington Post, 386 F.3d 567 (4th Cir. 2004), as to why any portion of the Sentencing Memorandum that remains sealed cannot be adequately protected by redaction; and

4. Docket this letter and any order thereon on the public docket of this proceeding.

Respectfully submitted,

/S/ Matthew Russell Lee

Matthew R. Lee

Inner City Press / Fair Finance Watch

PO Box 130222, Chinatown Station

New York, NY 10013

matthew.lee@innercitypress.com

Tel: 718-716-3540

www.InnerCityPress.com

Dated: June 10, 2026