## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **UNTITED STATES,** | * | |
| | * | **Crim. No.: MJM-26-96** |
| **v.** | * | |
| | * | |
| **JACOB RAPPAPORT,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## ORDER

This matter is before the Court on defendant Jacob Rappaport's ("Defendant") motion to seal his sentencing memorandum. ECF No. 21. On June 12, 2026, non-party Matthew R. Lee filed a response in opposition to Defendant's motion, arguing, *inter alia*, that the proposed sealing of the sentencing memorandum in its entirety is overbroad. ECF No. 22 at 2–3. After Mr. Lee's opposition was docketed, Defendant filed redacted versions of his sentencing memorandum and several exhibits. *See* ECF No. 23.

It is well established that "[c]riminal proceedings and related documents are . . . presumptively open to the public[,]" *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020), and the Fourth Circuit has held that the public's right of access documents filed in connection with sentencing hearings is protected by the First Amendment, *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). Still, the public's right of access is a qualified right; it is not absolute. *Am. C.L. Union v. Holder*, 673 F.3d 245, 252 (4th Cir. 2011). In the First Amendment context, denial of access may be justified if it "is necessitated by a compelling government interest and is narrowly tailored to serve that interest." *Id.* (citation omitted). Consistent with these principles, the

1

Sentencing Order in this matter provides that "[s]entencing memoranda are not sealed documents[,]" but they "should be filed under seal and accompanied by a motion to seal[]" if they "contain sensitive material[.]" ECF No. 12 at 2.

Upon review of Defendant's sentencing memorandum and exhibits, I find that they contain categories of information that are appropriately protected from public disclosure, including sensitive personal information about Defendant and members of his family, including minor children, and other sensitive information derived from the sealed Presentence Investigation Report. This sensitive information has been appropriately redacted from the versions Defendant filed publicly. Any interest the public may have in the redacted information is substantially outweighed by compelling government interests in protecting that information from public disclosure. Sealing the unredacted versions of the sentencing memorandum and exhibits is narrowly tailored to serving the compelling government interests at stake. Redacted versions have been filed publicly.

Accordingly, it is by the United States District Court for the District of Maryland hereby ORDERED that Defendant's motion to seal (ECF No. 21) is GRANTED, and Defendant's unredacted sentencing memorandum and exhibits (ECF No. 20) are SEALED until further order of the Court.

It is so ORDERED this 23rd day of June, 2026.

_____/S/_____
Matthew J. Maddox
United States District Judge